

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Public Storage
2711 Randleman Road, Unit DD26
Greensboro, North Carolina 27406

)
)
)
)
)
)

Case No. 1:18 MJ 192

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Middle_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 USC 7206(1); | Preparation of a false tax return; |
| 26 USC 7206(2); | Aiding and assisting in the preparation of a false tax return; |
| 18 USC 371 | Conspiracy to defraud the United States |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

J. Todd Purgason, Special Agent, IRS-CI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/22/2018

_____
*Judge's signature*

City and state: Winston-Salem, NC

Joi Elizabeth Peake, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

J. Todd Purgason, Special Agent with Internal Revenue Service (IRS) Criminal Investigation (CI), United States Department of the Treasury, first being duly sworn, depose and say:

1) I am a "federal law enforcement officer" within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure. My duties include investigations of alleged criminal violations relating to Financial Transaction Money Laundering (Title 18, United States Code, Sections 1956 and 1957), The Bank Secrecy Act (Title 31, United States Code, Sections 5313 and 5324), The Internal Revenue Code (Title 26, United States Code) and related offenses. As a Special Agent, I have conducted or participated in a number of investigations of alleged criminal violations of the above-stated statutes.

2) I have been a Special Agent with the Internal Revenue Service since December 2003. I am a graduate of Methodist University with a bachelor's degree in accounting and have been a Certified Public Accountant in the state of North Carolina since January 2001. I am a graduate of the Criminal Investigator Training Program and the Special Agent Investigative Techniques program at the Federal Law Enforcement Training Center at Glynco, Georgia. I have had extensive training in financial investigations which included the development of probable cause for search warrants, analyzing financial documents and interviewing witnesses.

3) I make this Affidavit as an application for a search warrant in the belief that there is probable cause for a search of the premises located at 2711

1

Randleman Road, Unit DD26, Greensboro, North Carolina 27406. There is probable cause to believe that evidence of violations of Title 26, United States Code, Section 7206(1), Title 26, United States Code, Section 7206(2), Title 18, United States Code, Section 287 and Title 18, United States Code, Section 371 will be found in the premises.

## Facts in Support of Probable Cause

## North Carolina Secretary of State Information

4) An online search of the North Carolina Department of Secretary of State website was conducted for Tax Mind Inc. and Tax M.D. Inc. No records were found for Tax Mind Inc. One record was found for Tax M.D. Inc. On November 16, 2012, Application for Certificate of Authority was filed for the corporation Tax M.D. Inc. According to the application Tax M.D. Inc. was incorporated on November 4, 2010 in the state of Florida. The Application for Certificate of Authority listed a principal office for the corporation at 2013 Wellfleet Ct. #2, Orlando, FL 32828. Patrick Clarke is listed as the President of the company and Andrew Scott as the Registered Agent in the state of North Carolina. The address of the registered office in the state of North Carolina is 2804-t Randleman Rd., Greensboro, NC 27406.

## Civil Injunction Filed Against Patrick Clarke in U.S. District Court for the Middle District of Florida

5) On April 4, 2016, the United States of America filed a civil complaint against Patrick Clarke seeking an injunction prohibiting him from acting as a federal tax return preparer and seeking disgorgement of gross receipts for the preparation of federal tax returns that reported false or fraudulent claims. According to the complaint, Patrick Clarke owned Tax M.D. Inc. and through it owned and operated tax return preparation franchises in Orlando, Tampa, West Palm Beach, and Hallandale, Florida under various names, including, but not limited to, TaxMon$ter, LBS Tax Services, and Tax M.D. Inc. As alleged, Patrick Clarke's tax return preparers fabricated business income and expenses to make fraudulent claims for the earned income tax credit and fabricated itemized deductions to generate larger refunds. On October 24, 2017, Patrick Clarke signed a stipulation for entry of order of permanent injunction against himself and Tax M.D. Inc. The order of permanent injunction was filed in the Middle District of Florida on November 13, 2017 and permanently enjoined Patrick Clarke and Tax M.D. Inc. from:

A. acting as a federal tax return preparer for any person or entity other than himself;

B. owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation business;

C. training, instructing, teaching, and creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns;

D. engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

6) In accordance with the order of permanent injunction, Patrick Clarke and Tax M.D. Inc. were to immediately and permanently close all tax return preparation stores owned directly or through Tax M.D. Inc. or any other entity, and doing business under any name.

## Electronic Filer Identification Numbers

7) An Electronic Filer Identification Number (EFIN) is a number issued by the Internal Revenue Service to firms that have been approved as an authorized Internal Revenue Service e-file provider. In an effort to identify Forms 1040 U.S. Individual Income Tax Returns prepared by Tax Mind Inc. information relating to the businesses were provided to IRS Northern Scheme Development Center (SDC) personnel. Based upon research conducted at the SDC there were three (3) applications for EFINs relating to Tax Mind Inc. that used the addresses of the Winston-Salem, North Carolina; High Point, North Carolina; and Greensboro, North Carolina Tax Mind Inc. locations.

8) Using the Employer Identification Number (EIN) of 45-5055029 and business name of Tax Mind Inc. the SDC obtained EFIN application summaries. Based on the application summaries the following EFINs were assigned to Tax Mind Inc. effective the date shown using the listed business addresses. Andrew C. Scott was listed as the primary contact.

4

| Name | EIN | EFIN | Business Address | Effective Date |
|------|-----|------|------------------|----------------|
| Tax Mind Inc. | 45-5055029 | 697657 | 306 N. Centennial St. Unit 107 High Point, NC 27262 | 11/24/2015 |
| Tax Mind Inc. | 45-5055029 | 696876 | 1271 North Liberty St. Winston Salem, NC 27101 | 12/05/2014 |
| Tax Mind Inc. | 45-5055029 | 625122 | 2804-T Randleman Rd Greensboro, NC 27406 | 10/03/2014 |

## Analysis of Forms 1040 U.S. Individual Income Tax Returns Filed Using the Assigned EFINs

9) The SDC provided data to this affiant relating to the EFINs 697657, 696876, and 625122 assigned to Tax Mind Inc. The charts below summarize portions of the data.

10) As of March 16, 2018, EFIN 697657 (Tax Mind Inc. 306 N. Centennial St. Unit 107, High Point, NC 27262) has been used to file 2015 Forms 1040 U.S. Individual Income Tax Returns, 2016 Forms 1040 U.S. Individual Income Tax Returns and 2017 Forms 1040 U.S. Individual Income Tax Returns.

| Tax Mind Inc.(High Point, NC) (EFIN 697657) as of 03/16/2018 The percentage of total returns filed per listed category is in parentheses | 2015 Tax Returns | 2016 Tax Returns | 2017 Tax Returns |
|---|---|---|---|
| Total Returns Filed | 143 | 183 | 117 |
| Total Returns Claiming Schedule A | 37 (25%) | 58 (31%) | 23 (19%) |
| Total Returns Claiming Schedule C | 69 (48%) | 78 (42%) | 66 (56%) |
| Total Returns Claiming EITC | 102 (83%) | 126(68%) | 97(82%) |
| Total Returns Claiming a Refund | 143 (100%) | 183 (100%) | 117 (100%) |

5

| Total Refund Amount Claimed | $642,954 | $782,366 | $562,400 |
| --- | --- | --- | --- |

11) It should be noted that the information contained in the above chart was developed from data provided by the SDC and is completely EFIN driven – that is, based solely on electronically filed returns submitted by the business. Information made available to your affiant on June 19, 2018, reflects that in addition to such electronically filed returns, Tax Mind Inc. office in High Point also filed a total of 26 paper returns for the tax years 2015, 2016, and 2017. Of the paper returns, two resulted in a tax due and owing to the IRS, and none resulted in neither a refund or a tax owing – in essence, a case where the taxpayer had remitted the exact amount required to satisfy his or her calculated tax obligation.

12) As of March 16, 2018, EFIN 696876 (Tax Mind Inc. 1271 North Liberty St., Winston Salem, NC 27101) has been used to file 2014 Forms 1040 U.S. Individual Income Tax Returns, 2015 Forms 1040 U.S. Individual Income Tax Returns, 2016 Forms 1040 U.S. Individual Income Tax Returns and 2017 Forms 1040 U.S. Individual Income Tax Returns.

| Tax Mind Inc.(Winston Salem, NC) (EFIN 696876) as of 03/16/2018 The percentage of total returns filed per listed category is in parentheses | 2014 Tax Returns | 2015 Tax Returns | 2016 Tax Returns | 2017 Tax Returns |
| --- | --- | --- | --- | --- |
| Total Returns Filed | 337 | 369 | 291 | 306 |
| Total Returns Claiming Schedule A | 1 (0%) | 34 (9%) | 24 (8%) | 15 (5%) |
| Total Returns Claiming Schedule C | 260 (77%) | 240 (65%) | 185 (63%) | 197 (64%) |
| Total Returns Claiming EITC | 283 (84%) | 325 (88%) | 271 (93%) | 292 (95%) |

6

| Total Returns Claiming a Refund | 337 (100%) | 369 (100%) | 291 (100%) | 306 (100%) |
|---|---|---|---|---|
| Total Refund Amount Claimed | $1,661,354 | $1,746,784 | $1,431,915 | $1,673,066 |

13)   It should be noted that the information contained in the above chart was developed from data provided by the SDC and is completely EFIN driven – that is, based solely on electronically filed returns submitted by the business.  Information made available to your affiant on June 19, 2018, reflects that in addition to such electronically filed returns, Tax Mind Inc. office in Winston-Salem also filed a total of 43 paper returns for the tax years 2014, 2015, 2016, and 2017.  Of the paper returns, one resulted in a tax due and owing to the IRS, and six resulted in neither a refund or a tax owing – in essence, a case where the taxpayer had remitted the exact amount required to satisfy his or her calculated tax obligation.

14)   As of March 26, 2018, EFIN 625122 (Tax Mind Inc. 2804-T Randleman Rd., Greensboro, NC 27406) has been used to file 2014 Forms 1040 U.S. Individual Income Tax Returns, 2015 Forms 1040 U.S. Individual Income Tax Returns, 2016 Forms 1040 U.S. Individual Income Tax Returns and 2017 Forms 1040 U.S. Individual Income Tax Returns.

| Tax Mind Inc.(Greensboro, NC) (EFIN 625122) as of 03/26/2018 The percentage of total returns filed per listed category is in parentheses | 2014 Tax Returns | 2015 Tax Returns | 2016 Tax Returns | 2017 Tax Returns |
|---|---|---|---|---|
| Total Returns Filed | 228 | 224 | 268 | 204 |
| Total Returns Claiming Schedule A | 4 (1%) | 12 (5%) | 25 (9%) | 11 (5%) |
| Total Returns Claiming Schedule C | 216(94%) | 202(90%) | 129 (48%) | 98(48%) |
| Total Returns Claiming EITC | 195 (85%) | 186 (83%) | 221 (82%) | 173 (84%) |

| | | | | |
|---|---|---|---|---|
| Total Returns Claiming a Refund | 228 (100%) | 224 (100%) | 268 (100%) | 204 (100%) |
| Total Refund Amount Claimed | $1,043,249 | $1,006,426 | $1,364,405 | $1,034,573 |

15) It should be noted that the information contained in the above chart was developed from data provided by the SDC and is completely EFIN driven – that is, based solely on electronically filed returns submitted by the business. Information made available to your affiant on June 19, 2018, reflects that in addition to such electronically filed returns, Tax Mind Inc. office in Greensboro also filed a total of 146 paper returns for the tax years 2014, 2015, 2016, and 2017. Of the paper returns, 30 resulted in a tax due and owing to the IRS, and five resulted in neither a refund or a tax owing – in essence, a case where the taxpayer had remitted the exact amount required to satisfy his or her calculated tax obligation.

16) As shown on the charts above, the majority of the Forms 1040 U.S. Individual Income Tax Returns filed using the EFINs for Tax Mind Inc. locations in High Point, Winston-Salem, and Greensboro North Carolina for tax years 2014, 2015, 2016, and 2017, obtained the Earned Income Tax Credit (EITC). The EITC is a tax credit for taxpayers who work and have earned income under the EITC amount; allowable earned income changes year to year. To qualify for EITC, you must meet certain rules and file a tax return. The less earned income, the less EITC received. Likewise, the more earned income, the more EITC received until the taxpayer reaches the outer limitations of the earned income for each filing status. The taxpayer must meet the earned income, adjusted gross income (AGI), and investment income limits (income limits change each year) each tax year to qualify to receive the EITC.

8

## Undercover Operation

### _Tax Mind Inc. (High Point)_

17) In 2018, an IRS-CI Special Agent acting in an undercover capacity called a telephone number advertised for Tax Mind Inc. located in High Point, North Carolina to schedule an appointment in an attempt to have a tax return prepared. The IRS-CI Special Agent did not receive a telephone call to set an appointment and an undercover operation was not conducted.

### _Tax Mind Inc. (Greensboro)_

18) On April 11, 2018, an IRS-CI Special Agent acting in an undercover capacity went to Tax Mind Inc. located at 2804-T Randleman Road, Greensboro, North Carolina to have a 2017 Form U.S. Individual Income Tax Return prepared. The undercover agent (UCA #2) presented a Form W-2 Wage & Tax Statement purporting to have earned $4,954 with $378 in federal withholdings during 2017, and claimed no dependents.

19) During the undercover operation, UCA #2 was assisted by a tax return preparer. After preparing a tax return for UCA #2 the tax return preparer told UCA #2 her tax refund was $748. A correctly prepared tax return based on the information provided would have generated a refund of $759. The tax return preparer requested $75 for tax preparation fees. UCA #2 explained he/she did not have the funds to pay the tax preparation fees and thought the tax preparation fees were taken out of the refund amount. The

tax return preparer told UCA #2 the tax preparation fees were only deducted for individuals with big refunds. So as not to arouse suspicion, UCA #2 elected not to engage the services of Tax Mind Inc. to file a tax return. Even though UCA #2 chose not to have his/her tax return filed by Tax Mind Inc., it is known that some unscrupulous tax preparation businesses file tax returns without the knowledge of the clients; however, that was not the case here. As of June 18, 2018, no 2017 Form 1040 U.S. Individual Income Tax Return was filed with the Internal Revenue Service using UCA #2's information.

## Tax Mind Inc. (Winston-Salem)

20) On April 11, 2018, an IRS-CI Special Agent acting in an undercover capacity went to Tax Mind Inc. located at 1271 North Liberty Street, Winston-Salem, North Carolina 27101 to have a 2017 Form 1040 U.S. Individual Income Tax Return prepared. The undercover agent (UCA #3) presented a Form W-2 Wage & Tax Statement purporting to have earned $2,876 with $189 in federal withholdings during 2017 and claimed one dependent.

21) The initial tax return preparer prepared a 2017 Form 1040 U.S. Individual Income Tax Return for UCA #3 with a refund of $1,167. UCA #3 then asked if he/she could speak with Nick. Nick Laws is listed as a tax return preparer on over 450 tax returns that have been filed using EFIN 696876 for tax periods 2014, 2015, 2016, and 2017. UCA #3 waited for Nick Laws to become available to review his/her tax return.

22) Nick Laws asked UCA #3 if he/she did any extra work on the side. UCA #3 replied uh-uh. Nick Laws then asked UCA #3 if he/she braided hair, did any babysitting, or watched kids where he/she was paid cash. Nick Laws went on to tell UCA #3 that if he/she was paid cash UCA #3 might not feel that he/she is able to prove the income that he/she received. UCA #3 told Nick Laws that he/she takes care of his/her mom because she cannot drive.

23) Nick Laws told UCA #3 that he could get UCA #3 additional refund money if Nick Laws claimed UCA #3 braided hair. UCA #3 did not provide Nick Laws any income amount for braiding hair. Nick Laws told UCA #3, "I said that you did the braiding hair, so basically this will be your receipt." Nick Laws provided UCA #3 with a document containing the Tax Mind Inc. logo in the upper right hand portion of the document and the title on the document read "SCH C EARNED INCOME DUE DILIGENCE." Nick Laws told UCA #3 to take the document to Hooper's Funeral Home to have the document notarized and return the notarized document to Tax Mind Inc.

24) Below the SCH C EARNED INCOME DUE DILIGENCE heading on the document was a typed sentence that read as follows, "I, _____ do swear that my self-employment income for the year of _____is _____ dollars and I am in the _____ business." UCA #3 did not fill in the blanks of this sentence. Nick Laws prepared the document and provided it to UCA #3 with the income amount of "8,580" and the business listed as "Hair Braiding" for "2017."

25) Below the initial sentence on the Tax Mind Inc. "SCH C EARNED INCOME DUE DILIGENCE" document are the following statements:

I owned this business for ____ Year(s) ___Months ___Days (Fill in one that applies)

I have and can provide proof of self-employment income.  Yes ☐     No ☐ (Check one)

I have and can provide proof of self-employment business expenses.   Yes No     ☐        ☐

My Self-employment income was received in the form of  Cash  ☐    Check ☐ Credit Card  Other (Select all that apply)

Did you receive a 1099?  Yes☐ No (Check one)

26) The middle of the Tax Mind Inc. "SCH C EARNED INCOME DUE DILIGENCE" document in bold lettering reads,

**MY SELF-EMPLOYMENT BUSINESS EXPENSE**
**ADVERSTISING $____ SUPPLIES $_____ UTILITIES $____**
**CELL PHONE $_____**
**RENT $_____ BUSINESS RELATED AUTO MILEAGE ____**
**OTHER EXPENSE $_____**

UCA #3 did not fill in the blanks related to the business expenses.  Nick Laws handwrote "350" to the right of "SUPPLIES $" and placed zeros in the remaining blanks.

12

27) The bottom half of the Tax Mind Inc. "SCH C EARNED INCOME DUE DILIGENCE" document had a section where the client was to sign the document and have it notarized. Two sentences above the signature section read, "I certified the information I have provided is true and complete to the best of my knowledge. I have maintained my book logs and receipts."

28) On April 17, 2018, UCA #3 had the "SCH C EARNED INCOME DUE DILIGENCE" document notarized at Hooper's Funeral Home located in Winston-Salem, North Carolina and took the notarized document to Tax Mind Inc. located at 1271 N. Liberty Street, Winston-Salem, North Carolina. Once the notarized document was provided to an individual at Tax Mind Inc., UCA #3 received a copy of UCA #3's 2017 Form 1040 U.S. Individual Income Tax Return.

29) A check of IRS records showed that a 2017 Form 1040 U.S. Individual Income Tax Return was filed with the IRS using UCA #3's identifying information. UCA #3's 2017 Form 1040 U.S. Individual Income Tax Return contained wages in the amount of $2,876 on line 7, and business income of $8,230 on line 12. UCA #3's 2017 Form 1040 U.S. Individual Income Tax Return also claimed $3,400 for EITC on line 66a and a refund amount of $3,426 as shown on line 76a. The paid preparer's name listed on UCA #3's 2017 Form 1040 U.S. Individual Income Tax Return is "YANITZA PAGAN" dated April 11, 2018. The firm's name, address, EIN and telephone number as shown on UCA #3's 2017 Form 1040 U.S. Individual Income Tax Return is TAX MIND INC (name), 1271 NORTH

LIBERTY STREET, WINSTON SALEM, NC 27105 (address), 45-5055029 (EIN) and (336) 793-4928 (telephone number).

30) UCA #3 observed a laptop computer on the receptionist's desk in the office and also observed a desktop computer in the office area where Nick Laws prepared UCA #3's tax return.

## Statements of Tax Mind Inc. Clients

*Tax Mind Inc. (Greensboro)*

31) On April 27, 2018, the affiant interviewed a client of Tax Mind Inc. located in Greensboro, North Carolina. EFIN 625122 was used to file a 2016 Form 1040 U.S. Individual Income Tax Return for the client whose initials are M.S. and he/she recalled the tax preparation business was called Tax Mind and was located on Randleman Road in Greensboro, North Carolina. M.S. recalled the tax return preparer had a desktop computer on her desk in the back of the office. M.S.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service listed the paid preparer as Eileen Reyes and the firm name and address was listed as Tax Mind Inc., 2804-T Randleman Rd, Greensboro, NC 27406.

32) M.S. reviewed his/her 2016 Form 1040 U.S. Individual Income Tax Return line 12 Business income or (loss) which listed ($17,625). M.S. said he/she did not own a business and did not tell the tax return preparer that he/she operated a business. M.S. did not recall the tax return preparer showing him/her the business loss reported on line 12. M.S. did not provide the tax return preparer the mileage of 25,647 that generated car

and truck expense of $13,849.  M.S.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service claimed a refund in the amount $7,328.

33) On May 4, 2018, the affiant interviewed a client of Tax Mind Inc. located in Greensboro, North Carolina.  EFIN 625122 was used to file a 2017 Form 1040 U.S. Individual Income Tax Return for the client whose initials are N.J.  N.J. was interviewed regarding his/her 2017 Form 1040 U.S. Individual Income Tax Return.  N.J. recalled the tax return preparer's first name was Olivia.  N.J.'s 2017 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service listed the paid preparer as Olivia Jackman and the firm name and address was listed as Tax Mind Inc., 2804-T Randleman Rd, Greensboro, NC 27406.

34) N.J. reviewed his/her 2017 Form 1040 U.S. Individual Income Tax Return line 12 Business income or (loss) which listed ($6,428).  N.J. said he/she did not own a business and did not tell the tax return preparer that he/she had a loss of $6,428 from a business.  N.J. does not know where the amounts for the Schedule C business came from.  N.J. did not tell the tax return preparer that he/she had a business.  N.J. did not receive the income shown on the Schedule C business and he/she did not provide the tax return preparer the amount shown.  N.J. did not provide the tax return preparer the mileage of 8,893 that generated car and truck expense of $4,758.  The tax return preparer told N.J. that he/she earned too much income to receive EITC.  N.J.'s 2017 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service claimed EITC in the amount of $2,881, and a refund amount of $8,425.

35) After interviewing N.J., the affiant reviewed and compared data the SDC provided relating to N.J.'s 2012, 2014, 2015, 2016 and 2017 Forms 1040 U.S. Individual Income Tax Returns. EFIN 608305 was used to file N.J.'s 2012 Form 1040 U.S. Individual Income Tax Return. EFIN 625122 was used to file N.J.'s 2014, 2015, 2016, and 2017 Forms 1040 U.S. Individual Income Tax Returns. Although N.J.'s 2012 and 2014 Forms 1040 U.S. Individual Income Tax Returns reference different EFINs, they both contained the same EIN in the paid preparer section as shown in the chart below. The chart below shows the firm name, EIN, address, and telephone number of the paid preparer as listed on N.J.'s 2012, 2014, 2015, 2016 and 2017 Forms 1040 U.S. Individual Income Tax Returns.

| Year | Firm EIN | Firm Name | Address | Telephone Number |
|------|----------|-----------|---------|------------------|
| 2012 | 273910547 | LBS Tax Service | 2804-T Randleman Rd, Greensboro, NC 27406 | 3365103904 |
| 2014 | 273910547 | Tax MD Inc | 2804-T Randleman Rd, Greensboro, NC 27406 | 3365104319 |
| 2015 | 455055029 | Tax MD Inc | 2804-T Randleman Road, Greensboro, NC 27406 | 3365104319 |
| 2016 | 455055029 | Tax Mind Inc | 2804-T Randleman Rd, Greensboro, NC 27406 | 3365104319 |
| 2017 | 455055029 | Tax Mind Inc | 2804-T Randleman Rd, Greensboro, NC 27406 | 3365104319 |

## Tax Mind Inc. (High Point)

36) On April 27, 2018, the affiant interviewed a client of Tax Mind Inc. located in High Point, North Carolina. EFIN 697657 was used to file a

2016 Form 1040 U.S. Individual Income Tax Return for the client whose initials are S.B. S.B. recalled going to Tax Mind located in High Point, North Carolina to have his/her 2016 Form 1040 U.S. Individual Income Tax Return filed. S.B.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service listed the paid preparer as Davin Carter and the firm name and address was listed as Tax Mind Inc., 306 N. Centennial Street, High Point, NC 27262.

37) According to S.B., S.B. did not itemize his/her deductions. S.B. took the standard deduction. S.B. reviewed his/her 2016 Form 1040 U.S. Individual Income Tax Return line 40 itemized deductions (from Schedule A) or standard deduction which listed $17,910. S.B. was shown the attached Schedule A Itemized Deductions line 21 (Unreimbursed employee expenses-job travel, union dues job education, etc. Attach Form 2106 or 2106-EZ if required) in the amount of $17,036. S.B. said he/she did not have any unreimbursed employee expenses. S.B. said he/she did not provide the tax return preparer with the amount listed on line 21 of the attached Schedule A. S.B. was shown the attached Form 2106 Employee Business Expenses, specifically line 13 (Business miles). S.B. did not tell the tax return preparer that he/she had 31,549 business miles. S.B. asked the tax return preparer if he/she could claim his/her commuting miles from his/her home to his/her place of work. The tax return preparer told S.B. that he/she could claim the commuting miles to and from work in calculating S.B.'s tax return. S.B.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service claimed a refund amount of $3,627.

38) S.B. recalled seeing a laptop computer at the tax return preparer's desk and that his desk had a little file cabinet located under it. S.B. recalled the tax return preparer having him/her initial forms after the tax return was prepared.

39) On May 10, 2018, the affiant interviewed a client of Tax Mind Inc. located in High Point, North Carolina. EFIN 697657 was used to file the 2016 Form 1040 U.S. Individual Income Tax Return and 2017 Form 1040 U.S. Individual Income Tax Return for the client whose initials are D.H. D.H. recalled going to a tax preparation business in High Point, North Carolina to have his/her 2016 Form 1040 U.S. Individual Income Tax Return and 2017 Form 1040 U.S. Individual Income Tax Return prepared. D.H. saw the tax return preparers use a small computer to input his/her information. D.H.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service listed the paid preparer as Davin Carter and the firm name and address was listed as Tax Mind Inc., 306 N. Centennial Street, High Point, NC 27262. D.H.'s 2017 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service listed the paid preparer as Patrick Bryant and the firm name and address was listed as Tax Mind Inc., 306 N. Centennial Street, High Point, NC 27262.

40) D.H. reviewed his/her 2016 Form 1040 U.S. Individual Income Tax Return attached Schedule A Itemized Deductions line 21 (Unreimbursed employee expenses-job travel, union dues job education, etc. Attach Form 2106 or 2106-EZ if required) in the amount of $27,118. D.H. said he/she did not have any unreimbursed employee expenses. D.H. was shown the

18

attached Form 2106 Employee Business Expenses, specifically line 13 (Business miles). D.H. did not provide any business mileage amounts to the tax return preparer, specifically the 50,219 business miles listed on line 13. D.H. said he/she used his/her employer's vehicles and equipment when performing work on the job. D.H.'s 2016 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service claimed a refund amount of $4,698.

41) D.H. reviewed his/her 2017 Form 1040 U.S. Individual Income Tax Return attached Schedule A Itemized Deductions line 21 (Unreimbursed employee expenses-job travel, union dues job education, etc. Attach Form 2106 or 2106-EZ if required) in the amount of $30,097. D.H. said he/she did not have any unreimbursed employee expenses. D.H. was shown the attached Form 2106 Employee Business Expenses, specifically line 13 (Business miles). D.H. did not provide the 37,565 business miles to the tax return preparer. D.H.'s 2017 Form 1040 U.S. Individual Income Tax Return filed with the Internal Revenue Service claimed a refund amount of $4,649.

## Analysis of Nicholas Laws's Form 1040
## U.S. Individual Income Tax Returns

42) A review of available IRS records indicates that Nicholas Laws's most recent federal tax returns filed are 2012, 2013, and 2014 Forms 1040 U.S. Individual Income Tax Return. There was no record of Forms 1040 U.S. Individual Income Tax Returns being filed for tax years 2015, 2016 or 2017.

43) Nicholas Laws's 2012 Form 1040 U.S. Individual Income Tax Return reported $21,245 in wages on line 7 and claimed a refund of $11,076. Attached Form W-2 Wage and Tax Statements list "Classic Nissan of Statesville" as Nicholas Laws's employer with $21,245 in box 1, wages tips other compensation; $10,076 in box 2, federal income tax withheld; and $11,245 in box 16, state wages, tips, etc. Internal Revenue Service records show Nicholas Laws received a 2012 Form W-2 Wage and Tax Statements from Classic Nissan of Statesville. The 2012 Form W-2 Wage and Tax Statements for Nicholas Laws reported $9,808 in box 1, wages tips other compensation and $712 in box 2, federal income tax withheld.

44) Nicholas Laws's 2013 Form 1040 U.S. Individual Income Tax Return reported $98,731 in wages on line 7, a Schedule C (loss) of ($91,687) and claimed a refund of $22,218. Attached Form W-2 Wage and Tax Statements list "Duke University" as Nicholas Laws's employer with $21,731 in box 2, federal income tax withheld. Internal Revenue Service records show no 2013 Form W-2 was issued to Nicholas Laws from Duke University or any other source. The attached Schedule C principal business is listed as "LAWN CARE." Gross receipts on the attached Schedule C were $2,500. The Schedule C listed one expense, line 9, car and truck expense of $94,187. The attached Form 4562 Depreciation Amortization, listed two vehicles, Chevy Aveo and Nissan Altima, used for the business claiming a total of 166,702 miles.

45) Nicholas Laws's 2014 Form 1040 U.S. Individual Income Tax Return reported $102,421 in wages on line 7, a Schedule C (loss) of ($121,068) and claimed a refund of $18,863. Attached Form W-2 Wage and Tax Statements list "Duke University" as Nicholas Laws's employer with

$18,863 in box 2, federal income tax withheld. Internal Revenue Service records show no 2014 Form W-2 was issued to Nicholas Laws from Duke University or any other source. The attached Schedule C principal business is listed as "LAWN CARE". Gross receipts on the attached Schedule C were $0. The Schedule C listed one expense, line 9, car and truck expense of $121,068. The attached Form 4562 Depreciation Amortization, listed two vehicles, Chevy Aveo and Nissan Altima, used for the business claiming a total of 216,193 miles.

## <u>Analysis of the Business's Tax Filing History</u>

*Tax Mind Inc.*

46) A review of available Internal Revenue Service records indicates that Tax Mind Inc. was established with the Internal Revenue Service in April 2012 and has a filing requirement for Form 1120 U.S. Corporate Income Tax Return. A search of Internal Revenue Service records based on Tax Mind Inc.'s EIN 45-5055029, shows a 2012 Form 1120S U.S. Income Tax Return for an S Corporation that was stamped received on April 7, 2014 at the Internal Revenue Service Ogden, Utah Service Center. There was no record of Forms 1120 U.S. Corporate Income Tax Return being filed for tax years 2013, 2014, 2015, 2016 or 2017.

47) Tax Mind Inc.'s 2012 Form 1120S U.S. Tax Return for an S Corporation reported in box E (Date incorporated) 01-01-2012. The 2012 Form 1120S also reported on line 1a gross receipts or sales $4,160, line 20 Total deductions $3,404 and line 21 ordinary business income (loss) of $756. The signature shown on the signature of officer section appears to read Andrew C Scott and handwritten next to the signature is the date of 04-02-2014.

The title of the officer is handwritten "President." In the paid preparer's section the typed preparer's name is listed as PATRICK CLARKE. A signature of what appears to be Patrick Clarke is in the preparer's signature box and a handwritten date next to it of 04-01-2014. The paid preparer firm name and address is listed as LBS TAX SERVICE 2013 WELLFLEET CT SUITE 2B, ORLANDO FL, 32837.

## Nature and Location of Evidence of Criminal Activity-Generally

48) Based upon my training, experience, and participation in investigations involving violations of the Internal Revenue laws and related offenses, and my discussions with special agents involved in similar investigations, I know that:

A. Persons preparing tax returns for others in return for compensation are required by law to keep, for three years, a copy of the tax returns or a list of the names, identification numbers, and tax years, of taxpayers for whom tax returns were prepared (Title 26, United States Code Sections 6107; Regulation Section 1.6107-1).

B. Accountants and return preparers generally keep books and records to include work papers, worksheets, journals, ledgers, bank records, receipts, bank statements, checks, deposit tickets, contracts, invoices, billing statements, cash receipt and disbursement records, client correspondence and research files, powers of attorney, copies of tax returns, other forms prepared for clients, and documentation of the information provided by the taxpayer.

C. Accountants and return preparers often have computers and related software to schedule, compute, prepare, print, and store income tax returns, forms, documents, and other information.

D. Return preparers often retain tax documentation from previous years. For example, a return preparer preparing a 2017 tax return may retain a client's 2016 tax records to assist in the preparation of the client's 2017 return.

49) I know from my training and experience that individuals involved in tax return preparation maintain financial records including bank statements, tax returns, client files containing supporting documents for tax returns, receipts of income and expenditures, correspondence with business associates and clients, and other related items. The aforementioned documents and records are normally kept in one of two forms, hardcopy and electronic. Hardcopy files are typically kept in file cabinets and desk drawers. Individuals involved in a tax return preparation often use computers and other electronic devices as part of their record-keeping measures, especially where businesses are involved. Electronic records are normally generated and kept on a computer or stored on some mobile electronic storage device.

50) I know from my training and experience that it is not uncommon for seasonal tax preparation businesses to reduce their hours of operation, close, or operate by appointment only after the tax filing deadline which this year was April 17, 2018. In spite of that fact, Tax Mind Inc. appears to

be maintaining a physical presence in all three locations referenced in this warrant – that is, there are not new businesses established at these locations. A decision was made not to contact the landlord companies for the three businesses for fear of the investigation being compromised (particularly in light of the planned searches). On June 12, 2018, the affiant and another special agent with the Internal Revenue Service-Criminal Investigation drove by the three Tax Mind Inc. locations at 1271 North Liberty Street, Winston-Salem, North Carolina 27101; 2804-T Randleman Road, Greensboro, North Carolina 27406; and 306 North Centennial Street, Suite 107, High Point, North Carolina 27262. On that date all three of the Tax Mind Inc. locations had signage for the businesses present on the exterior of the business.

51)    On June 19, 2018, I observed a white piece of paper on the front door of the Tax Mind Inc. located in Greensboro, North Carolina. The paper read "WE APOLOGIZE FOR ANY INCONVIENENCE- OUR OFFICE HAS CLOSED. PLEASE CALL 336-510-4319 TO SCHEDULE/ RESCHEDULE ANY APPOINTMENTS OR CALL WITH ANY QUESTIONS. THANK-YOU". On June 20, 2018, at 6:50 p.m., I looked through the glass front of Tax Mind Inc. located at 2804-T Randleman Road, Greensboro, North Carolina 27406. I observed a desk with a desk calendar that was not lying flat on the desk and a power cord that went under the desk calendar. On the same side as the power cord was a wireless mouse. I squatted down to lower my line of sight and noticed upon closer observation a black colored, rectangular object that appeared to be a laptop computer underneath the desk calendar. Tax Mind Inc. business cards were in a cardholder on the desk. A table, behind the desk, was pushed against the wall. On top of the table were file folders, a clipboard, a receipt book, a one subject style spiral

notebook, and multiple file folders with paper in them.

52) On June 20, 2018, at approximately 5:55 p.m., I looked through the front windows of Tax Mind Inc. located at 1271 North Liberty Street, Winston-Salem, North Carolina 27101. I observed a large room with chairs pushed up against the wall appearing to be a waiting area for clients. There was also a table (table 1) with a clipboard and what appeared to be a sign-in sheet on the clipboard. On a second table (table 2) there were two clipboards with a type of form on the clipboards. A printer was placed on a third table (table 3). Next to the window seal were file folders with papers in them. Also, located in the large room were two workstation cubicles. While looking through the windows at Tax Mind Inc. located at 1271 North Liberty Street, Winston-Salem, North Carolina 27101, I also observed a second room that had office furniture. The second office had a desk with a monitor sitting on the left side of the desk and a vertical desktop organizer on the right side of the desk. The vertical desktop organizer held a three ring binder, folders and what appeared to be blank copies of the SCH C EARNED INCOME DUE DILIGENCE document. An office chair was near the desk. A printer was on another table in the office.

53) The Tax Mind Inc. located at 306 North Centennial Street, Suite 107, High Point, North Carolina 27262 has window blinds covering nearly all of the glass doors and windows on the front of the building. On June 20, 2018, at 7:35 p.m., I positioned myself at an angle in front of the Tax Mind Inc. located at 306 North Centennial Street, Suite 107, High Point, North Carolina 27262 where I could see through a very small portion of glass that was not covered by the window coverings. I could see two file cabinets that had multiple drawers. Labels on some of the drawers were "A-G", "H-M",

and "T-Z".

## Off Site Storage of Prior Years Files

54) On June 22, 2018, the affiant interviewed Olivia Jackman. Olivia Jackman was the office manager of Tax Mind Inc. locate at 2804-T Randleman Road, Greensboro, North Carolina 27406 for the 2018 filing season. Olivia Jackman stated that she stored the 2012 to 2015 client files for Tax M.D. and 2016 client files for Tax Mind offsite at a storage unit located on Randleman Road in Greensboro, North Carolina. Olivia Jackman could not recall the name of the storage unit but said it was located across the street from Tax Mind Inc. Olivia Jackman thought the storage unit number was "26D".

55) Olivia Jackman stated that she stored the records offsite because there was not enough room to keep the records at the Tax Mind Inc. office. Olivia Jackman said she was not instructed by anyone at Tax Mind Inc. to place the records in storage and the storage unit was rented in Oliva Jackman's name. Oliva Jackman said she paid the rent for the storage unit and was not reimbursed by Tax Mind Inc.

56) An online search of storage facilities on Randleman Road in Greensboro, North Carolina was conducted. The nearest storage facility to Tax Mind Inc. is Public Storage located at 2711 Randleman Road, Greensboro, North Carolina 27406. On December 5, 2017, a rental agreement for a 5' X 5' storage unit was signed in the name Oliva Jackman. Olivia Jackman currently leases unit DD26. Andrew Scott is listed as the emergency contact on the rental agreement.

## Computers, Electronic Storage, and Forensic Analysis

57) As described above and in Attachment B, this application seeks permission to search for records that might be found on the premises, identified in Attachments A in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

58) I submit that if a computer or storage medium is found on the premises, there is probable cause to believe records will be stored on that computer or storage medium, for at least the following reasons:

    A. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    B. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space - that is, in space on the storage medium

that is not currently being used by an active file — for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

C. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives, contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. This forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

D. Based on undercover operations, actual inspection of evidence related to this investigation, and interviews of clients who used Tax Mind Inc., I am aware that computer equipment was used to generate and transmit documents, specifically income tax returns.

59) As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who

28

used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any computer in the premises because:

A. Data on the storage medium can provide evidence of a file that was once on the storage medium, but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and "chat" programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

B. Forensic evidence on a computer or storage medium can also indicate who has used or controlled the computer or storage medium. (A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, floppy disks, flash memory, CD-ROMs, and several other types of magnetic or optical media not listed here.) This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. Registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant

messaging logs, photographs, the presence or absence of malware, and correspondence (and the data associated with the foregoing, such as file creation and last-accessed dates) may be evidence of who used or controlled the computer or storage medium at a relevant time.

C. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

D. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

E. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be

relevant to establishing the user's intent. To investigate the crimes described in this Seizure Application, it might be necessary to investigate whether any such malicious software is present, and, if so, whether the presence of that malicious software might explain the presence of other things found on the storage medium. I mention the possible existence of malicious software as a theoretical possibility, only; I will not know, until a forensic analysis is conducted, whether malicious software is present in this case.

F. Searching storage media for the evidence described in the attachments may require a range of data analysis techniques. It is possible that the storage media located on the premises will contain files and information that are not called for by the Seizure Application. In rare cases, when circumstances permit, it is possible to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, it is possible, though rare, for a storage medium to be organized in a way where the location of all things called for by the Seizure Application are immediately apparent. In most cases, however, such techniques may not yield the evidence described in the Seizure Application. For example, information regarding user attribution or Internet use is located in various operating system log files that are not easily located or reviewed. As explained above, because the Seizure Application calls for records of how a computer has been used, what it has been used for, and who has used it, it is exceedingly likely that it will be necessary to thoroughly search storage media to obtain evidence, including

evidence that is not neatly organized into files or documents. Just as a search of a premises for physical objects requires searching the entire premises for those objects that are described by a Seizure Application, a search of this premises for the things described in this Seizure Application will likely require a search among the data stored in storage media for the things (including electronic data) called for by this Seizure Application. Additionally, it is possible that files have been deleted or edited, but that remnants of older versions are in unallocated space or slack space. This, too, makes it exceedingly likely that in this case it will be necessary to use more thorough techniques.

60) In most cases, a thorough search of the premises for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

A. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on the

premises could be unreasonable. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

B. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the premises. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge. Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

61) Based on the foregoing, and consistent with Rule 41(e)(2)(B), when persons executing the warrant conclude that it would be impractical to review the media on-site, the warrant I am applying for would permit seizing or imaging storage media that reasonably appear to contain some or all of the evidence described in the warrant, thus permitting its later examination consistent with the warrant. The examination may require

33

techniques including, but not limited to, computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

62) It is possible that the premises will contain computers that are predominantly used, and perhaps owned, by persons who are not suspected of a crime. If it is nonetheless determined that it is possible that the things described in this warrant could be found on any of those computers or storage media, the warrant applied for would permit the seizure and review of those items as well.

63) As with any search warrant, I expect that this warrant will be executed reasonably. Reasonable execution will likely involve conducting an investigation on the scene of what computers, or storage media, must be seized or copied, and what computers or storage media need not be seized or copied. Where appropriate, officers will copy data, rather than physically seize computers, to reduce the extent of disruption. At the request of the owners of Tax Mind Inc. or others asserting ownership of electronic storage devises within the premises, agents will, to the extent practicable, attempt to provide the owners or those other individuals with copies of data that may be necessary or important to the continuing function of legitimate business. If, after inspecting the computers, it is determined that some or all of this equipment is no longer necessary to retrieve and preserve the evidence, the government will return it.

## Conclusion

64) In summary, based on the information contained in this Affidavit, I conclude there is probable cause to believe that the intentional preparation of false or fraudulent Forms 1040 U.S. Individual Income Tax Return and the filing of these false or fraudulent returns with the Internal Revenue Service in violation of Title 26, United States Code, Sections 7206(1) (Fraud and False Statements), and 7206(2)(Aid or Assist with the Preparation or Presentation of a False or Fraudulent Document), Title 18, United States Code, Section 287 (False, Fictitious or Fraudulent Claims), and Title 18, United States Code, Section 371 (Conspiracy to Defraud the United States) has occurred.

65) As shown above, in April 2018 Nicholas Laws, a tax return preparer associated with Tax Mind Inc. at the Winston-Salem, North Carolina location, knowingly prepared a tax return for an IRS-CI special agent acting in an undercover capacity. The tax return preparer inserted false information so as to secure a tax refund on a basis for which he knew the UCA was not entitled. The return preparer filed the UCA's return showing Schedule C income whereas, as the return preparer well knew, the UCA had not earned the total Schedule C income as reported. The tax return preparer prepared the Schedule C without any documentation of Schedule C income from the UCA. The tax return preparer falsely prepared a supporting document and had the UCA notarize the false document before providing the UCA a copy of the filed tax return.

66) Also shown above, various other tax return preparers associated with Tax Mind Inc. at the Greensboro and High Point, North Carolina locations knowingly prepared false tax returns for clients. The tax return preparers prepared and filed tax returns for the interviewed clients that claimed

35

false and fraudulent Schedule C and Schedule A deductions. These false and fraudulent filed tax returns qualified the clients for larger refunds than the clients would have been due had the tax return prepares filed correct tax returns for the interviewed clients.

67) I further submit there is probable cause to believe the evidence and instrumentalities of these crimes, specifically identified in Attachment B, are located at storage unit at 2711 Randleman Road, Unit DD26, Greensboro, North Carolina 27406, and described more thoroughly in Attachment A.

J. Todd Purgason, Special Agent
Internal Revenue Service
Criminal Investigation

Subscribed and sworn to before me this ___ day of June 2018,

Joi Elizabeth Peake
United States Magistrate Judge
Middle District of North Carolina

**Attachment A**

**LOCATION TO BE SEARCHED**

1) Public Storage
   2711 Randleman Road
   Unit DD26
   Greensboro, North Carolina 27406

2) The premises known as Public Storage 2711 Randleman Road, Unit DD26, Greensboro, North Carolina 27406. Unit DD26 is a 5' X 5' unit. The building is tan in color designated on the end of the building with "DD". Unit DD26 has an orange colored door with the numbers "26" above the door.

3) On Interstate 40 Business in Greensboro, NC traveling from the Freeman Mill Road east toward Durham, NC. At the intersection of Interstate 40 and Randleman Road, use the left lane and take exit 220 for Randleman Road. At the stop light turn right on to Randleman Road, go approximately 9/10 of a mile and turn left into the parking lot of Public Storage. Continue straight until you reach the building DD and turn right. Unit DD26 will be on your right.

4) Front view of Public Storage 2711 Randleman Road, Unit DD26, Greensboro, North Carolina 27406



## DESCRIPTION OF ITEMS TO BE SEIZED

Evidence of violations of Title 26, Section 7206(1) (Fraud and False Statements), Title 26, Section 7206(2)(Aid or Assist False or Fraudulent Document), Title 18, Section 287 (False, Fictitious or Fraudulent Claims), and Title 18, Section 371 (Conspiracy) as specified herein, located on the premises of Public Storage 2711 Randleman Road, Unit DD26, Greensboro, North Carolina 27406, for the tax years 2012, 2012, 2014, 2015,and 2016 and/or the calendar years 2013, 2014, 2015, and 2016, as follows:

1. Client listing; appointment books; address books; planning calendars; Rolodexes; notebooks; telephone number lists; diaries; other papers reflecting names, addresses or telephone numbers.

2. Records reflecting the return preparer(s) associated with the preparation of tax returns or tax refunds, including records reflecting fees associated with the preparation of tax returns.

3. The following records and documents related to the preparation of income tax returns:

   a. Forms 1040, U.S. Individual Income Tax Return and attachments;

   b. Forms 1040A, U.S. Individual Income Tax Return and attachments;

c. Forms 1040X, Amended U.S. Individual Income Tax Return and attachments;

d. Tax forms such as Form 8812 Child Tax Credit that are associated with a Form 1040 and/or Form 1040A U.S. Individual Income Tax Return;

e. Tax schedules such as Schedule C Profit or Loss from Business that are associated with a Form 1040 U.S. Individual Income Tax Return;

f. Documentation corroborating that any dependents were claimed on tax returns prepared by the subject businesses, such as copies of Social Security cards and school records;

g. Tax forms such as Forms W-2 Wage and Tax Statement;

h. Work papers related to the preparation of individual income tax returns;

i. Client information sheets related to the preparation of individual income tax returns;

j. Receipts, check stubs, profit loss statements, other documents that appear to support income/deductions claimed on a tax return such as the "SCH C EARNED INCOME DUE DILIGENCE" document; and/or

    k. Correspondence or notes relating to the preparation and filing of individual income tax returns.

4. All e-file, Electronic Filing Identification Number (EFIN), Preparer Tax Identification Number (PTIN), Electronic Return Originator (ERO) or Employer Identification Number (EIN) applications for the businesses of Tax Mind Inc., Tax M.D. Inc., INC. and/or LBS Tax Services return preparers, and affiliated business entities. Records of fee structure for the preparation of tax returns, Refund Anticipation Loans (RALs), other bank products offered in relation to a tax refund, and any other fees associated for every tax return prepared and/or filed.

5. Records showing the names of tax software, purchase, lease, rental, and agreement to use tax preparation software, to include the fees associated with using such software and the dates of use. Records showing the use of any tax preparation software, internet sites, or other methods to prepare and file tax returns.

6. Back-up copies of tax returns and tax return data in possession of Tax Mind Inc., Tax M.D. Inc., INC., and/or LBS Tax Services.

7. Records of all refund anticipation loan services, RAL or Refund Anticipation Check (RAC), or other bank services to include bank names, bank routing numbers, and bank account numbers. All agreements between Tax Mind Inc., Tax M.D. Inc., INC., and/or LBS Tax Services or any other employee, principal or entity affiliated therein to provide RAL, RAL processing services or intermediary services, or any other refund

related banking product to include reloadable debit cards, checks, refund transfers, or any similar type system for issuing tax refunds. Bank and financial account applications, statements, checks, and withdrawal and deposit slips, prepaid debit or credit cards, and treasury checks issued for income tax refunds.

8. Records of checks or currency paid by employees of Tax Mind Inc., Tax M.D. Inc., and/or LBS Tax Services to its clients in advance of the clients refund for a fee.

9. Financial records to include bank statements, credit card records, bank reconciliations, checks, cancelled checks, check stubs, withdrawal slips, deposit records to include deposit tickets, interest statements, official checks, wire transfer records, and/or cash receipts where refund or preparer fees may have been diverted.

10. Employee files (hired return preparers and office staff) including all records of employee or contractor positions and dates of employment or contracts. All employment or payroll records to include records disclosing the dates of employment, wages or commissions paid, checks used for any payments to the aforementioned individuals; Forms W-4 Employees Withholding Exemption Certificate; Forms W-2 Wage and Tax Statements disclosing annual wages; Forms 1099 U.S. Information Returns disclosing fees, and commissions paid.

11. If any record(s) and/or documents described in paragraphs 1 through 10 above are found in a file or folder, or some other equivalent mode of storage such as an envelope, the entire contents of the file/folder, as well

as the physical file/folder, shall be seized.

12. All employee or contractor background records including applications for employment, personnel files, discipline records, and complaint records. All training records, dates of training, certificates earned, degrees earned, copies of training materials, instructions and/or work guides.

13. Evidence of indicia of ownership including utility bills, bank statements for Tax Mind Inc., Tax M.D. Inc., and/or LBS Tax Services or employment agreements for return preparers, supervisors, trainers or those involved in the day-to-day operation of Tax Mind Inc., Tax M.D. Inc., and/or LBS Tax Services.

14. All communication relating to the clients' tax returns or tax refunds, of Tax Mind Inc., Tax M.D. Inc., and/or LBS Tax Services.

15. All communication between Patrick Clarke, Andrew Scott, Nicolas Laws and others regarding the preparation of tax returns and/or related refunds in the possession of Tax Mind Inc., Tax M.D. Inc., and/or LBS Tax Services to include emails and/or electronic communication to include instant messaging, text messaging or any other form of written electronic communication whether in print format or electronic format.

16. IRS publications; regulations and or copies of IRS forms and documents; IRS correspondence; and the Internal Revenue Code.

17. PTIN, EIN and/or EFIN records including applications,

approval/rejection letters from the IRS, and/or correspondence to/from any person, entities and/or the IRS regarding the application, issuance, use, or misuse of a PTIN or EFIN and/or noncompliance with e-file rules.

18. Certificates, diplomas or transcripts related to graduation from programs or seminars related to the preparation of income tax returns or knowledge of Federal income tax law. Copies of training materials.

19. The items described above include whatever form, and by whatever means, such items, their drafts, or their modifications may have been created or stored, including any handmade form (such as writing), any photocopies, any mechanical form (such as printing or typing), or any electrical, electronic, or magnetic form or data (such as any information on any electronic or magnetic storage device, such as a computer, as well as floppy diskettes, hard disks, CD-ROMs, DVDs, or printer buffers, as well as printouts or readouts from any magnetic storage device).

20. This warrant specifically authorizes the creation of a "mirror image" or "image" of a device, drive, or media for use in an off-site search. In the event the device, drive, or media is imaged the device, drive, or media will remain at the search site. However, in the event the device, drive, or media is not able to be "imaged" on site it will be seized for a later forensic examination. In general, imaging is the taking of a complete electronic picture of the devices or media, including all hidden sectors and deleted files, to obtain an exact copy of the device, drive or media's stored data without actually seizing the device, drive, or media. The agent or an expert

will then conduct an off-site search for information or data described in this Attachment.

21. If the owner of any electronic device seized so requests, the seizing authority will, to the extent practicable, provide the business with copies of any files, data, or information that may be necessary or important to the continuing functioning of the business's legitimate operations. Additionally, if, after inspecting the electronic or computer device, related equipment, and media, the seizing authority determines that some or all of it is no longer necessary to retrieve and preserve as evidence, the seizing authority will return it as soon as possible.

22. Any and all written or printed material that provides instructions or examples concerning the operation of a computer system, computer software, and/or any related device.

23. Cellular telephones and similar electronic mobile devices may be seized. However, no cellular telephone or electronic mobile device shall be searched without further application being made to the appropriate court for permission to further examine the content of such device.

24. Safes and locked containers. This warrant specifically contemplates that such safes and locked containers can be opened to be searched either on-site or off-site.